STATE OF MAINE                    SUPERIOR COURT
HANCOCK, ss                       DOCKET NO. CV-07-350

                                  *KNC -HAN - 3/19/2010*


BRIAN R. BARRY
          Plaintiff

    V.


WILLIAM C. SZCZESNY
          Defendant


## DECISION AND ORDER

On March 16, 2010, a jury waived trial was held on this matter based on a May 12, 2009, assignment from the District Court.

Plaintiff filed a complaint under date of July 6, 2007, claiming theories of recovery based on contract (Count 1), breach of the Home Construction Contract Statute (10 M.R.S. 1487) (Counts 2, 3, 4, 5, and 9 (Unfair Trade Practices resulting from breach of the Home Construction Contract Statute), negligence (Count 6), breach of express warranties (Count 7), and unjust enrichment (Count 8).

Defendant filed a counterclaim alleging breach of a verbal contract (Count 1), unjust enrichment (Count 2) and breach of a Construction Contract — 10 M.R.S. 1118) (Count 3).

## RULE 50 MOTION

Following presentation of Plaintiff's case, Defendant moved for a judgment pursuant to Rule 50 on Counts 2, 3, 4, 5, 6, 7 and 9. The Court granted the Motion with respect to Counts 6 (negligence) and 7 (breach of express warranty) finding that Plaintiff had failed to prove essential elements of these claims when viewing the evidence, and all reasonable inferences, in favor of the Plaintiff. The Court based that decision on the failure of the Plaintiff

1

to prove a breach of a duty of care in the work performed by the Defendant and failure to prove an express agreement between the parties from which an express warranty could be found. The Court reserved decision on the other Counts until the close of evidence.

The evidence having closed, the Court makes the following additional decisions with respect to Plaintiff's claims and Defendant's counterclaims.

## HOME CONSTRUCTION CONTRACT

Much of Plaintiff's multi count complaint is predicated on the assumption/inference that Defendant was engaged in the Home Construction business. The Court finds and concludes from the evidence that Plaintiff and Defendant were long time friends, with differing levels of life experiences, who agreed to exchange their labors on a combination barter basis, exchange of services for money advanced and money paid and received for work performed and materials purchased. The Court is not persuaded that the Defendant during the period from 2004 to 2006 was engaged in the business of being a home construction contractor as used in 10 M.R.S. 1486 et seq. The Plaintiff has failed to prove the elements of this claim, including but not limited to proof that there was a home construction contract as that terms is used in this statute. Moreover the evidence of the evolving nature of the relationship prior to and after the 2004 to 2006 time period fails to demonstrate or prove to the Court that there was an agreement or contract at any given period of time for "more than $3,000 in materials or labor between Plaintiff and Defendant.

The Court finds for the Defendant on Counts 2, 3, 4, 5, and 9. 10 M.R.S. 1487

## EXPRESS CONTRACT

There is no dispute that neither party signed any documents defining their relationship in 2003, 2004, 2005 or 2006, from which a written contract can be said to have existed between the parties. Both parties testified that there was no written contract. To the extent that Count 1 can be said to allege an express written contract, the Court finds in favor of the Defendant on Count 1. To the extent that Count 1 alleges the violation of an implied contract seeking compensation for unjust enrichment, see

2

the discussion below, that allegation is joined with the allegations in Count 8 (unjust enrichment).

The Court finds for the Defendant on Count 1, express contract.

## UNJUST ENRICHMENT/IMPLIED CONTRACT

In terms of legal theories, the evidence offered by both sides suggests an implied contract as Plaintiff alleges in Count 8 of the complaint and Defendant alleges in Counts 1 and 2 of the counterclaim (those counts are hereby joined and will be considered as a single claim). This is the essence of this case, in the Court's view.

> To prove unjust enrichment a party must prove
> 1. a benefit conferred on the other party by the claiming party;
> 2. an appreciation or knowledge by the other party of the benefit;
> 3. the acceptance or retention by the receiving party of the benefit under such circumstances as to make it inequitable for the receiving party to retain the benefit without payment of its value. *Estate of White* 521 A.2d 1180, 1183 (Me. 1987)

In this context, the Court finds as fact that the parties had developed a friendship over more than 20 years, which was characterized by each helping the other with various projects and employment. The one receiving the help would sometimes pay cash for the help[1] and sometimes provide hourly work to pay off the value of the help received. There would be times that one party would simply make a 'gift' of the help or goods provided according to the testimony. As between Plaintiff and Defendant, Plaintiff was in the better financial condition and often Plaintiff would advance funds to the Defendant or make a loan to the Defendant and Defendant would repay it in funds or by 'working off' the debt over time.

In roughly 2003 Defendant was building a home in the same town where Plaintiff lives and Plaintiff provided

---

[1] Not long before 2003, Plaintiff had advanced roughly $15,000 to Defendant to help pay off a debt in connection with Defendant's divorce. It is agreed that this money was repaid to Plaintiff by Defendant and plays no part in the debt, which is the subject of this litigation.

3

modest help to the Defendant over time. At about that same time, 2003, Plaintiff and Defendant discussed Plaintiff building a home on property Plaintiff had and Defendant helping with the labor of the construction and funding the construction. There was no time frame as to when the home would be built or how long it would take. Neither was there an agreement as to what goods or material would be purchased by Plaintiff or Defendant, who would pay for it and how and when it would be repaid, if that was appropriate. The plans of the house evolved over time and on the run as did who provided what services and materials when. The whole project was a work in progress over a number of years. Defendant would help with design ideas and manual labor, although not a building designer, and with ordering material (Defendant had work experience as a trained appliance technician which made him familiar with measuring for and ordering materials). Both parties agreed that they relied on relatively detailed plans that they "borrowed" from a Maine post and beam construction business. Plaintiff would pay for materials, help with manual labor and they both sought out design information from more experienced individuals and businesses. They both agreed to hire Joe Palmer who had more experience than either of them to oversee and direct the construction. Plaintiff paid Palmer and others who were hired with Palmer to work on the project.

At no time in the evolution of the project was there a specific agreement as to who would be doing what, although generally Palmer was the principal skilled worker but the matter proceeded by consensus — until 2006 when there was no longer consensus and the project stopped. The friction that had developed and matured in 2006 prompted the claims in this suit and counterclaims.

The Court finds that both the Plaintiff and Defendant have met each of the three elements of proof for an unjust enrichment/implied contract claim, that is: 1. a benefit conferred on the other party by the claiming party; 2. an appreciation or knowledge by the other party of the benefit; 3. the acceptance or retention by the receiving party of the benefit under such circumstances as to make it inequitable for the receiving party to retain the benefit without payment of its value. *Estate of White* 521 A.2d 1180, 1183 (Me. 1987)

The Court is satisfied that Plaintiff understood he was to compensate Defendant for his work, labor and

4

otherwise, in building Plaintiff's house.  Defendant understood that to the extent Plaintiff was paying him or buying things on his behalf (other than materials used in the construction of Plaintiff's house), Plaintiff should be paid or repaid, with exception of certain gifts.  The question left is what is the 'value' each party received from the other during 2004, 2005 and 2006?

## CREDIBILITY

As a general matter I find each side to be credible, despite inconsistencies between their testimony and documents submitted in evidence.  Nonetheless, when evaluating the position of each on the implied contract, the exhibits submitted by each side raise as many questions as they answer.

Defendant's list of days and hours worked (Plaintiffs Ex. 6 and 8) appears to the Court to have been prepared at one time, perhaps for litigation, as opposed to be reflective of daily entries confirming when he got on and off the boat working for and at Plaintiff's house as Defendant testified.

Plaintiff summary in Plaintiff's Exhibit 3 of the payments and advances made to the Defendant or for the Defendant reflect unexplained payments to individuals (Peter S) and unexplained personal items such as pet food, ice tea and smokes as well as certain tools that testimony revealed were purchased for Plaintiff's house and used by/broken by Mr. Palmer working on Plaintiff's house construction.  The evidence (neither testimony nor documents) does not permit the Court to distinguish between goods/materials purchased for use on Plaintiff's house as opposed to Defendant's house.

While on its face the documentation from each side is thorough, the Court is not persuaded that it is more probable then not that a review of the documents independently provides a basis for determining what Plaintiff provided to Defendant in terms of cash advances and goods and materials used by Defendant as opposed to for use and used at Plaintiff's.  For the reasons stated above, unfortunately this is not a matter of 'addition' of Plaintiff's submissions, 'addition' of Defendant's submissions and comparing the two.

5

In the context of the testimony and Exhibits submitted the Court finds over the course of activities in 2004, 2005 and 2006 that Plaintiff provided to Defendant unjust enrichment in the amount of $16,500. This represents the reasonable value of advanced payments and materials to and for the benefit of the Defendant for which Defendant understood that he had to repay Plaintiff.

The Court finds from a review of the testimony and Exhibits over the course of 2004, 2005 and 2006 that Defendant provided services to the Plaintiff in the amount of $13,000 which the Plaintiff understood he was obligated to compensate the Defendant either by payment of money or credit against sums owed by the Defendant to the Plaintiff as part of this overall transaction.

The Court finds for the Plaintiff on Count 8 (unjust enrichment) and awards damages in the amount of $16,500 plus interest. The Court finds for the Defendant on counts 1 and 2 (oral contract/unjust enrichment) and awards damages of $13,000 plus interest. The Court declines to award discretionary costs to either Plaintiff or Defendant.

## BREACH OF CONSTRUCTION CONTRACT

The counterclaim alleges in Count 3 a breach of the Construction Contract Statute, 10 M.R.S. 1114. That statute is sometimes referred to as the prompt payment statute and "provides for penalties against owners or contractors who do not make payments to subcontractors in a timely fashion. See L.D. 1424, Statement of Fact (116th Legis. 1993)." **Jenkins, Inc. v. Walsh Bros., 2001 ME 98, P23 (Me. 2001)**, 776 A.2d 1229, 1237

Considering all of the evidence, including evaluating the credibility of the parties, the facts reveal that the conduct of the parties reflects an effort at mutual aide by two long time friends to work on the respective houses. That statute dealing with construction contracts (10 M.R.S. 1111 et seq.) contemplates the existence of a construction contract with payment terms and invoices (10 M.R.S. 1114). Such a specific agreement has not been demonstrated to exist by the Plaintiff or the Defendant. The facts do not generate an issue of 'prompt payment' as contemplated by this statute but rather who provided what at what price as reflected in the claim of unjust enrichment by each side.

6

The Court is persuaded that as between the two, Defendant Szczesny had more building experience but that did not make him a contractor or sub contractor within the meaning of the prompt payment statute. Indeed, while he did some electrical work and was lined up to do some plumbing work in the Plaintiff's home that was being built, there was no evidence that he was licensed by the State to do either or that he held himself out to the public to be available to contract to do that work. Defendant did not hold himself out to the public to do contracting/construction work, including design and planning of a house nor did he have any experience offering his services to others for pay to do that kind of work let alone house building in general. While the Court finds that there was an implied contract as noted above, that contract provided no specific 'terms' for payment that would bring it within the Construction Contract Statute.

The Court finds and concludes that the Defendant has failed to meet his burden of proof. He is not entitled to damages as a result of Plaintiff having violated the Construction Contract Statute (10 M.R.S. 1114 and 1118). The Court finds for the Plaintiff on Count 3 of Defendant's counterclaim.

## Summary

On Plaintiff's complaint the Court finds for the Defendant on counts 1, 2, 3, 4, 5, 6, 7, and 9. The Court finds for the Plaintiff on Count 8 and awards damages in the amount of $16,500, plus interest. No discretionary costs are awarded.

On Defendant's counterclaim, the Court finds for the Plaintiff on Count 3. The Court finds for the Defendant on Counts 1 and 2 (consolidated) and awards damages in the amount of $13,000, plus interest. No discretionary costs are awarded.

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a) M.R.Civ.P.

March 19, 2010

Kevin M. Cuddy
Justice, Superior Court

7

BRIAN R BARRY  - PLAINTIFF
UNKNOWN
MARIAVILLE ME 04605
Attorney for: BRIAN R BARRY
CHRISTOPHER WHALLEY  - RETAINED 11/07/2007
WHALLEY LAW OFFICE
56 CHURCH STREET
ELLSWORTH ME 04605


vs
WILLIAM C SZCZESNY  - DEFENDANT
4 CHESTER'S LANE,
MARIAVILLE ME 04605
Attorney for: WILLIAM C SZCZESNY
DANIEL A PILEGGI  - RETAINED 08/10/2007
ROY BEARDSLEY WILLIAMS & GRANGER LLC
6 WATER STREET
PO BOX 723
ELLSWORTH ME 04605-0723


Filing Document: ANSWER & COUNTERCLAIM       Minor Case Type: CONTRACT
Filing Date: 08/13/2007

DISTRICT COURT
ELLSWORTH
Docket No   ELLDC-CV-2007-00350


**DOCKET RECORD**